**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02622-TPO

GEORGE WILLIAMS LLLP,
    Plaintiff,

v.

ROTO-ROOTER SERVICES COMPANY.
    Defendant, Third-Party Plaintiff,

v.

DENVER SEWER AND WATER.
    Third-Party Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference occurred on November 22, 2024, by and between counsel for Plaintiff and Defendant. Plaintiff, George Williams LLLP. ("Williams"), is represented by Robert C. Podoll, Jacqui E.M. Hill and Christopher R. Corkadel of Podoll & Podoll, P.C., 5619 DTC Parkway, Suite 1100, Greenwood Village, Colorado 80111, telephone number: (303) 861-4000. Defendant, Roto-Rooter Services Company ("Roto-Rooter"), is represented by Heather A. Thomas and W. Andrew Figel of Hall & Evans, LLC, 1001 17th St., Ste. 300, CO 80202, telephone number: (303) 628-3300. Third-Party Defendant Denver Sewer and Water has not yet appeared or filed a responsive pleading in this action.

## 2. STATEMENT OF JURISDICTION

Subject matter jurisdiction is established under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. Williams is a Colorado limited liability limited partnership with its principal place of business in Colorado, and Roto-Rooter is an Iowa corporation with its principal place of business in Cincinnati, Ohio. Therefore, for purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff:**

Plaintiff Williams asserts claims for breach of express contract, breach of contract against Defendant Roto-Rooter for damages caused by the failure to obtain appropriate building permits and have proper inspections as required by the contract. Plaintiff entered into a contract with Defendant Roto-Rooter on August 23, 2023, to perform excavation and repair services in connection with the sewer line at the Broker Inn. These repairs were part of a renovation to add a new bar and longue, the Boulder Swim Club, to the hotel. It was intended to open prior to the holiday season in 2023 to capitalize on business opportunities during that period.

Defendant's contact obligated Roto-Rooter to:

"Excavate and replace a section of sewer pipe in bar and dining area where it is compromised not draining needs immediate repair to prevent further flooding includes parts labor permits inspections haulaway backfill concrete excludes putting back carpet tile exc roto Rooter is not responsible for any unforseen objects or damages unmarked utilities structural components sprinkler systems landscaping etc estimates may need to be amended should the scope of work change from the original proposal areas that have utilities in common trench that are unable to be located could incur additional costs to repair utilities replacing cast iron with pvc up to 115ft in length and 4ft deep."

While required, a permit was not obtained prior to initiating work. The work was completed in a satisfactory manner, after which the remaining renovations were finalized. The planned

2

opening for the Boulder Swim Club was set for December 22, 2023. While finalizing the liquor license for the bar, Plaintiff learned that no permit had been obtained for the plumbing work performed by Roto-Rooter, preventing the issuance of a liquor license. As a result of this failure, Defendant was forced to delay opening until after the lucrative holiday season and instead open on January 20, 2024, causing substantial financial losses in the form of lost profits and continued operating expenses.

**b. Defendant:**

Plaintiff contracted with Defendant to provide certain plumbing services at the Project (the "Plumbing Work"). The Plumbing Work included replacing damaged pipe and completing a portion of the drainage system. Defendant denies that it breached its contract with Plaintiff.

Defendant incorporates by reference all of its Affirmative Claims and Defenses as set forth in its Answer to Plaintiff's Complaint, including specifically but without limitation the following:

1. Plaintiff's claims are barred in whole or in part by the terms of the operative contract, including without limitation (1) Plaintiff's contractual release and discharge of Defendant and its contractors from any claim for property damage or other damage, including consequential damages; and (2) Plaintiff's waiver of any right to recover incidental damages, consequential damages, or delay damages.

2. Plaintiff's claims are barred in whole or in part by its own failure to mitigate or minimize its damages or losses, if any.

3. Although Defendant expressly denies any wrongdoing in this action, the judgment liability of Defendant, if any, is limited by the provisions of the applicable contract, as modified.

4. Although Defendant expressly denies any wrongdoing in this action, Plaintiff's recovery of damages, if any, against Defendant is limited by the provisions of the applicable contract, as modified.

5. To the extent Plaintiff received, or will receive, full or partial payment for its claimed damages from any other party or non-party, by way of assistance payment, settlement, judgment or otherwise, Defendant may be entitled to a corresponding and reciprocal set-off.

6. Defendant is entitled to an award of its attorney fees and costs incurred pursuant to its contract with Plaintiff.

*Defendant's Third-Party Claims*

Defendant has asserted third-party claims against Third-Party Defendant for breach of contract, contractual indemnity, contribution, and negligence.

Defendant engaged Third-Party Defendant as a subcontractor to perform the Plumbing Work, pursuant to a standing *Master Services Agreement* (the "MSA"). The MSA expressly required Third-Party Defendant to "procure all permits and licenses, pay all charges, fees and taxes, and give all notices necessary and incidental to the due and lawful execution of the work for the Project." Third-Party Defendant provided plumbing services to the Project in furtherance of the Plumbing Work. One of Third-Party Defendant's invoice line items was for "[o]btaining and purchasing all required permits" to complete the plumbing services for the Project.

By its Complaint, Plaintiff alleges that a permit was not timely pulled in connection with the Plumbing Work, and that such failure caused Plaintiff damages. To the extent that Plaintiff's allegations against Defendant are ultimately proven true, which Defendant denies, then Defendant contends that Plaintiff's damages were caused, in whole or in part, by Third-Party Defendant's

4

acts or omissions, and specifically by Third-Party Defendant's failure to obtain any and all necessary permit(s) for the Plumbing Work at the Project.

Under the terms of the MSA, Third-Party Defendant is obligated to indemnify and hold Defendant harmless, as follows:

> *INDEMNIFICATION. Subcontractor shall save harmless and fully indemnify Roto-Rooter and its affiliates and their respective shareholders, directors, officers, agents and employees from any and all loss, liability, damage, cost, expense (including attorneys' fees and expenses) or claim that arises out of or in connection with (i) Subcontractor's (or its agents, servants, employees or subcontractors) acts or omissions on a Project including, but not limited to, damage to property, business interruption, death or injury to persons (including employees of Subcontractor), … , or (ii) breach of any provision of this Agreement.*

To the extent that Plaintiff's allegations against Defendant are ultimately proven true, which Defendant denies, then Defendant contends that Third-Party Defendant's failure to obtain necessary permit(s) is an "omission" under the MSA, thereby giving rise to Third-Party Defendant's obligation to indemnify and hold harmless Defendant with respect to all claims and damages asserted by Plaintiff, including without limitation attorney fees and costs.

To the extent that Plaintiff's allegations against Defendant are ultimately proven true, which Defendant denies, then Defendant contends that Plaintiff's damages were caused, in whole or in part, by Third-Party Defendant's acts or omissions in its performance of the Plumbing Work, and specifically by Third-Party Defendant's failure to obtain any and all necessary permit(s) for the Plumbing Work at the Project, and as such Third-Party Defendant would be liable for any and all such damages if and to the extent proven by Plaintiff, as well as attorney fees and costs.

To the extent that Plaintiff's allegations against Roto-Rooter are ultimately proven true, which Defendant denies, then Defendant contends that Plaintiff's damages were caused, in whole

5

or in part, by DS&W's breach of its contract with Defendant, by the failure to obtain any and all necessary permit(s) for the Plumbing Work at the Project.

Roto-Rooter has requested that Third-Party Defendant indemnify Defendant, with respect to all claims and damages asserted by Plaintiff, including without limitation attorney fees and costs. To date, Third-Party Defendant has failed and refused to indemnify Roto-Rooter. To the extent that Plaintiff's allegations against Defendant are ultimately proven true, which Defendant denies, Roto-Rooter has incurred and will continue to incur damages as a direct and proximate result of Third-Party Defendant's breach of contractual indemnity, in an amount to be determined at trial.

Pursuant to C.R.S. § 13-50.5-102, Defendant has a right to contribution from Third-Party Defendant for its pro rata share of damages, alleged by Plaintiff against Defendant, resulting from Third-Party Defendant's performance of the Plumbing Work. To the extent that the allegations pertaining to Defendant in Plaintiff's Complaint are proven true, which Defendant denies, Defendant is entitled to contribution from Third-Party Defendant to the extent Roto-Rooter pays more than its pro rata share of liability for damages.

Third-Party Defendant owed a duty of care to perform its work in a good and workmanlike manner and in accordance with all applicable building codes and ordinances, which included pulling all necessary permit(s). To the extent the allegations pertaining to Defendant in Plaintiff's Complaint are proven true, which Defendant denies, Third-Party Defendant was negligent and breached its duty of care.

**c. Third-Party Defendant Denver Sewer and Water:**

As of the filing of this Proposed Scheduling Order, Denver Sewer and Water has not filed a responsive pleading.

6

## 4. UNDISPUTED FACTS

1. At all times relevant, Plaintiff was the owner and developer of the Boulder Broker Inn restaurant and bar, located at 555 30th Street, Boulder, Colorado (the "Project").

2. An agreement was entered into between Plaintiff and Defendant Roto-Rooter in August 2023 ("the Agreement"), relating to the provision of certain plumbing services at the Project (the "Plumbing Work").

3. In exchange, Plaintiff was to pay $112,000.00 to Defendant Roto-Rooter for the performance of these services.

4. Subsequently, Defendant engaged Third-Party Defendant, as a subcontractor to perform the Plumbing Work, pursuant to a standing Master Services Agreement.

5. Third-Party Defendant performed the Plumbing Work.

## 5. COMPUTATION OF DAMAGES

**Plaintiff George Williams LLLP**

At this time, Plaintiff is seeking $146,330.04 for its first claim for relief, in addition to statutory damage enhancers that may be applicable. Further damage calculations are ongoing and will be supplemented as they become available. Plaintiff also seeks an award of costs and attorney fees, as may be available and applicable.

**Defendant and Third-Party Plaintiff Roto-Rooter Services Company**

Defendant seeks against Plaintiff an award of its attorney fees and costs pursuant to its contract with Plaintiff, in an amount to be determined. Defendant does not seek any other damages against Plaintiff at this time, based upon available information. Defendant seeks damages against Third-Party Defendant if and to the full extent that Plaintiff may prevail on its claims and obtains a judgment against Defendant. Specifically, Defendant seeks against Third-Party Defendant,

damages in an amount to be proven at trial including, without limitation, actual damages, litigation costs, attorneys' fees, pre-judgment and post-judgment interest.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting:** November 22, 2024.

b.  **Names of each participant and party he/she represented:** Plaintiff, George Williams LLLP, was represented by Christopher R. Corkadel of Podoll & Podoll, P.C. Defendant, Roto-Rooter Services Company, was represented by W. Andrew Figel of Hall & Evans LLC.

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made:** As of the filing of this Scheduling Order, Plaintiff and Defendant Roto-Rooter have exchanged initial disclosures. Third-Party Defendant has not filed a responsive pleading.

Defendant contends that Plaintiff's initial disclosures are not adequate under Rule 26(a)(1), as Plaintiff's disclosure certificate does not identify or describe any documents or tangible things in Plaintiff's possession, custody, or control, that it may use to support its claims, and Plaintiff has not formally disclosed any documents in this litigation.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):** The Parties do not propose any changes as to the timing or requirements of disclosures under Fed. R. Civ. P. 26(a)(1).

e.  **Statement concerning any agreements to conduct informal discovery:** There have not yet been any agreements to conduct informal discovery, although the parties anticipate that such agreements may occur during the course of litigation.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:** As of this date, the parties have not made or discussed any agreements or procedures to reduce discovery and

other litigation costs, although the parties anticipate that such agreements may occur during the course of litigation.

**g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:** The parties do not anticipate that the claims or defenses will involve extensive electronically stored information, although they do believe much of the discovery will involve information and records maintained in electronic form. To the extent there is a question regarding the origin or creation of any particular document, the parties agree that the other party may submit a formal discovery request seeking ESI or other such information.

**h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:** The parties have discussed, generally, the possibilities of a prompt resolution of the case. However, as Third-Party Defendant has not yet filed a responsive pleading or participated in such discussions, it is difficult to ascertain whether prompt settlement will be possible.

## 7. CONSENT

Plaintiff and Defendant Roto-Rooter **HAVE** consented to the exercise of jurisdiction by a U.S. Magistrate Judge. *However*, the position of the Third-Party Defendant cannot be ascertained at this time, as Third-Party Defendant has not yet filed a responsive pleading. In order to timely comply with the Court's mandatory filing requirement, Plaintiff and Defendant are filing contemporaneously the *Magistrate Judge Consent Form* [ECF 8], indicating that **Plaintiff and Defendant** consent.

## 8. DISCOVERY LIMITATIONS

9

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** The Parties do not propose any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**b.  Limitations which any party proposes on the length of depositions.** The Parties do not propose any modification to the presumptive limitations on the length of depositions contained in the Federal Rules.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.** The Parties do not propose any modifications to the presumptive numbers of requests for production or requests for admission contained in the Federal Rules.

**d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

The Parties will serve interrogatories, requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.

**e. Other Planning or Discovery Orders.** The parties do not anticipate seeking any other proposed scheduling or discovery orders.

### 9. CASE PLAN AND SCHEDULE

**a.  Deadline for Joinder of Parties and Amendment of Pleadings:** February 3, 2025 (45 days after 12/19/24 Scheduling Conference, plus one additional day due to 45 days falling on a Sunday)

**b.  Discovery Cut-off:** July 31, 2025.

**c.  Dispositive Motion Deadline:** September 30, 2025.

10

d. **Expert Witness Disclosure**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

**Plaintiff**: At this time, Plaintiff anticipates presenting expert testimony and opinions in the following fields:

1) Damages

2) Plumbing and Contractor Permitting

**Defendant**: Defendant anticipates retaining experts in the following fields or areas: (1) plumbing / contracting services and permitting standard of care, and (2) forensic accounting / economic analysis regarding Plaintiff's alleged damages.

**2. Limitations which the parties propose on the use or number of expert witnesses the parties are permitted.**

Two (2) expert witnesses per side, absent further court order.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** May 9, 2025.

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** June 30, 2025.

e. **Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Plaintiff [individual or Rule 30(b)(6) representative] | 4.0 hours |
| Defendant [individual or Rule 30(b)(6) representative] | 4.0 hours |
| Trevor Harvey (Third-Party Defendant representative) | 4.0 hours |
| Fact Witnesses to be Identified | 2.0 hours each |
|  |  |

| | |
|---|---|
| Plaintiff's damages expert | 3.0 hours |
| Plaintiff's plumbing and contractor permitting expert | 3.0 hours |
| Defendant's plumbing / contracting services and permitting standard of care expert | 2.0 hours |
| Defendant's forensic accounting / economic analysis damages expert | 3.0 hours |

**f. Deadline for Interrogatories:**

The parties may submit their first set of interrogatories, requests for production of documents, and requests for admissions on or after the pre-scheduling conference under Rule 26(f), Fed. R. Civ. P. The parties may submit interrogatories and requests for production or admissions within the limits set forth above and within the discovery period as they chose, so long as the deadline for responses is on or before the fact discovery deadline. The parties agree to serve and receive all discovery requests and responses by email, to eliminate the need for the additional 3 days provided for under F.R.C.P. 5.

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

**b. A final pretrial conference will be held at the following date and time:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The Parties do not believe there are any unresolved discovery or scheduling issues between the parties, at this time.

**b.   Anticipated length of trial and whether trial is to the court or jury.**

Based upon available information, Plaintiff and Defendant anticipate that this matter can be tried in four (4) days. Trial is to a jury.

**c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

The Parties do not believe there are any pretrial proceedings that may be more efficiently or economically conducted in the District Court's facilities referenced above.

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 202__.

BY THE COURT:

_____
The Honorable Timothy P. O'Hara
United States Magistrate Judge

APPROVED AS SUBMITTED ON December 12, 2024:

| | |
|---|---|
| *s/Christopher R. Corkadel* | *s/W. Andrew Figel* |
| Robert C. Podoll, Esq. | Heather A. Thomas, Esq. |
| Jacqui E.M. Hill, Esq. | W. Andrew Figel, Esq. |
| Christopher R. Corkadel, Esq. | Hall & Evans LLC |
| Podoll & Podoll, P.C. | 1001 17th Street, Suite 300 |
| 5619 DTC Parkway, Suite 1100 | Denver, Colorado |
| Greenwood Village, CO 80111 | P: 303-6283430 |
| Ph: (303) 861-4000 | thomash@hallevans.com |
| rob@podoll.net | figelw@hallevans.com |
| jacqui@podoll.net | ***Attorneys for Defendant*** |
| chris@podoll.net | |
| ***Attorneys for Plaintiff*** | |

14