IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02622-TPO

GEORGE WILLIAMS LLLP
    Plaintiff

v.

ROTO-ROOTER SERVICES COMPANY
    Defendant/Third-Party Plaintiff

v.

DENVER SEWER AND WATER
    Third-Party Defendant

---

### ANSWER TO THIRD-PARTY COMPLAINT AND JURY DEMAND

---

Third-Party Defendant Denver Sewer and Water [DSW], by and through its attorney, L. Kathleen Chaney of the law firm Lambdin & Chaney, LLP, hereby answers the Third-Party Complaint and demands trial by jury as follows:

### PARTIES

1. Denied for lack of information or belief.
2. Admitted.

### JURISDICTION AND VENUE

3. DSW does not dispute personal jurisdiction.
4. DSW does not dispute subject matter jurisdiction.
5. DSW does not dispute venue.

1

## GENERAL ALLEGATIONS

6. This paragraph does not contain factual allegations requiring a response.

7. Denied for lack of information or belief.

8. Denied for lack of information or belief.

9. Denied for lack of information or belief.

10. Denied for lack of information or belief.

11. Admitted that DSW performed work at the referenced location. The remaining allegations are denied.

12. Denied that the MSA applies to this Project.

13. Denied that the MSA applies to this Project.

14. Admitted that DSW performed work at the referenced location. Any remaining allegations are denied.

15. The referenced invoice speaks for itself. Any remaining allegations are denied.

16. The referenced invoice speaks for itself. Any remaining allegations are denied.

17. The referenced Complaint speaks for itself. Any remaining allegations are denied.

18. The referenced Complaint speaks for itself. Any remaining allegations are denied.

19. The referenced Complaint speaks for itself. Any remaining allegations are denied.

20. The referenced Complaint speaks for itself. Any remaining allegations are denied.

21. Denied.

22. Denied that the MSA applies to this Project.

23. Denied.

### First Claim for Relief
### (Breach of Contract)

24. DSW incorporates its previous responses as if fully set forth herein.

25. Denied that the MSA applies to this Project.

26. Denied that the MSA applies to this Project.

27. Denied that the MSA applies to this Project.

28. Denied.

29. Admitted that DSW performed work at the referenced location. Any remaining allegations are denied.

30. The referenced Complaint speaks for itself. Any remaining allegations are denied.

31. Denied.

32. Denied.

33. Denied.

### Second Claim for Relief
### (Contractual Indemnity)

34. DSW incorporates its previous responses as if fully set forth herein.

35. Denied that the MSA applies to this Project.

36. Denied that the MSA applies to this Project.

37. Denied that the MSA applies to this Project.

38. The referenced Complaint speaks for itself. Any remaining allegations are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### Third Claim for Relief
### (Contribution)

44. DSW incorporates its previous responses as if fully set forth herein.

45. The referenced Complaint speaks for itself. Any remaining allegations are denied.

46. Denied.

47. Denied.

48. Denied.

### Fourth Claim for Relief
### (Negligence)

49. DSW incorporates its previous responses as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

## GENERAL DENIAL

All allegations in the Third-Party Complaint not expressly admitted herein are expressly denied, including all prayers for relief set forth in the remedies sought by the Third-Party Plaintiff.

## AFFIRMATIVE DEFENSES

Without representing or conceding that any of the following constitute affirmative defenses within the meaning of F.R.C.P. 8(c) or that DSW would have the burden of proof or persuasion with respect to the same, DSW asserts that any or all of the following may preclude the Third-Party Plaintiff's claims, cause said claims to fail, and/or bar or reduce any recovery the Third-Party Plaintiff seeks, in whole or in part:

1. Third-Party Plaintiff may have failed to assert claims upon which relief may be granted.

2. Third-Party Plaintiff may have failed to mitigate all or some of its damages, if any, as required by law.

3. The alleged injuries, costs, and/or damages sustained by Third-Party Plaintiff, if any, may have been the direct result of the contributory or comparative negligence of Third-Party Plaintiff or the comparative negligence of third parties and non-parties to be designated over whom DSW had no control or right of control, and as such, any recovery upon the claims asserted by Third-Party Plaintiff are barred or proportionately reduced pursuant to C.R.S. § 13-21-111 (Comparative Negligence) and C.R.S. § 13-21-111.5 (Pro Rata Liability of Defendants).

4. Third-Party Plaintiff's claims may be barred by C.R.S. § 13-50.5-102 *et seq.*, as DSW cannot be liable for any portion of alleged damages caused or contributed to be caused by the actions of person(s) or entities other than DSW.

5. Third-Party Plaintiff's claims and damages, if any, may be barred or limited by the terms and conditions of the agreements concerning the Project between the parties and non-parties, or other applicable documents which purport to define the parties' rights, duties and obligations vis-à-vis each other, or other non-parties.

6. Third-Party Plaintiff's claim(s) may be reduced to the extent they have been, or will be, indemnified or compensated for its losses or damages from any collateral source pursuant to C.R.S. §13-21-111.6; and/or, DSW is entitled to a set-off or credit.

7. Third-Party Plaintiff's claims may be barred by the doctrines of waiver, accord, satisfaction, novation, consent, acceptance, release, laches, unclean hands and/or estoppel.

8. Third-Party Plaintiff's damages, if any, may be the result of conditions at the property that occurred prior to, or subsequent to, DSW's work at the property, caused by person(s) other than DSW over which DSW had no control.

9. DSW's conduct was neither a material element, substantial factor, nor a cause of any of Third-Party Plaintiff's alleged damages or the damages alleged by any other party or non-parties to this proceeding.

10. Third-Party Plaintiff's damages, if any, may be the result of intervening and/or supervening causes.

11. Third-Party Plaintiff's claims may be barred by provisions contained in written contracts or related documents associated with the Project.

12. DSW incorporates by reference all applicable defenses which are now, or will later be, asserted by the other Defendants now or subsequently named in this proceeding.

13. DSW reserves the right to plead additional affirmative defenses and other matters in avoidance that may become known through subsequent investigation and discovery.

WHEREFORE, Denver Sewer and Water requests judgment in its favor, dismissing Third-Party Plaintiff's claims with prejudice and on the merits, and that Denver Sewer and Water be awarded its costs, expenses, and attorneys' fees in defending against Third-Party Plaintiff's claim(s) to the fullest extent permitted by law and/or contract, and for such other relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND – TRIAL TO A JURY OF THE MAXIMUM NUMBER OF JURORS ALLOWED ON ALL CLAIMS SO TRIABLE.**

DATED this 21st day of January, 2025.

/s/ L. Kathleen Chaney
L. Kathleen Chaney
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
Email: kchaney@lclaw.net
*Attorneys for Third Party Defendant Denver Sewer and Water*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of January, 2025, a true and correct copy of the foregoing **ANSWER TO THIRD-PARTY COMPLAINT AND JURY DEMAND** was filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert C. Podoll, Esq.
Christopher R. Corkadel, Esq.
Jacqueline E.M. Hill, Esq.
Podoll & Podoll, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, CO 80111
Tel: (303) 861-4000
Fax: (303) 861-4004
Rob@Podoll.net; Chris@Podoll.net
Jacqui@podoll.net
*Attorneys for Plaintiff*

Heather Thomas, Esq.
W. Andrew Figel, Esq.
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300
Fax: (303) 628-3368
thomash@hallevans.com;
figelw@hallevans.com
*Attorneys For Defendant Roto Rooter*

*Printed copy with original signature on file at the office of Lambdin & Chaney, LLP*

/s/ L. Kathleen Chaney
L. Kathleen Chaney
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  kchaney@lclaw.net
*Attorneys for Third Party Defendant Denver Sewer and Water*