IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02622-TPO

GEORGE WILLIAMS LLLP,

    Plaintiff,

v.

ROTO-ROOTER SERVICES COMPANY.

    Defendant.

ROTO-ROOTER SERVICES COMPANY,

    Third-Party Plaintiff,

v.

DENVER SEWER AND WATER.

    Third-Party Defendant.

---

**THIRD-PARTY PLAINTIFF ROTO-ROOTER SERVICES COMPANY'S <u>UNOPPOSED</u> MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT**

---

Pursuant to Fed. R. Civ. P. 15(a)(2) and D.C.COLO.LCivR 15.1(a), Third-Party Plaintiff Roto-Rooter Services Company ("Roto-Rooter") respectfully moves the Court for leave to file an *Amended Third-Party Complaint*, to add Afford-A-Rooter, Inc., as a third-party defendant, and

to assert the claims as set forth in the proposed *Amended Third-Party Complaint*.[1] This Motion is brought timely pursuant to the Court's Minute Order, and is not opposed by Plaintiff or Third-Party Defendant Denver Sewer and Water. For these reasons, and as more fully set forth below, the Court should grant the Motion to Amend.

## I. MEET AND CONFER CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1, the undersigned counsel certifies that he conferred with counsel for Plaintiff and counsel for Third-Party Defendant Denver Sewer and Water via video conference on January 21, 2025. Plaintiff **does not oppose** the relief sought herein. Third-Party Defendant Denver Sewer and Water **does not oppose** the relief sought herein.

## II. PROCEDURAL HISTORY

1. Plaintiff initiated this lawsuit by filing its *Complaint and Jury Demand* on August 19, 2024, in Boulder County District Court, Colorado [ECF 1-2].

2. Roto-Rooter filed its *Answer and Third-Party Complaint*, in Boulder County District Court, on September 18, 2024 [ECF 1-6].

3. The matter was removed to this Court on September 23, 2024 [ECF 1].

4. Roto-Rooter effectuated service of the *Third-Party Complaint* upon Third-Party Defendant Denver Sewer and Water on October 15, 2024 [ECF 18].

5. This Court held a status conference on December 19, 2024, following which this Court entered its *Courtroom Minutes* [ECF 27].

---

[1] Pursuant to D.C.COLO.LCivR 15.1(b), a redline showing the differences between the Third-Party Complaint and the proposed Amended Third-Party Complaint is attached as Exhibit 1. Note that the original Third-Party Complaint was filed along with an Answer, in state court.

6. In its *Courtroom Minutes*, the Court noted that "Defendant/Third-Party Plaintiff advises the Court that it intends to file a motion for leave to amend its Third-Party Complaint, which may add an additional Third-Party Defendant to this case," and ordered that "Defendant/Third-Party Plaintiff shall have until **January 24, 2025,** to file any motion to amend its Third-Party Complaint …." [ECF 27]

7. On January 21, 2025, Third-Party Defendant Denver Sewer and Water filed its *Answer to Third-Party Complaint and Jury Demand* [ECF 30].

### III. FACTUAL PREDICATE

8. This dispute arises from the provision of plumbing services at a project located in the City of Boulder (the "Project").

9. Plaintiff engaged Roto-Rooter, who subcontracted with DS&W, to perform the plumbing services (the "Plumbing Work").

10. By its Complaint against Roto-Rooter, Plaintiff asserts that a failure to pull a plumbing permit for the Plumbing Work delayed the Project, and caused significant damages.

11. Based on Plaintiff's claims, Roto-Rooter asserted third-party claims against DS&W.

12. The requirement, timing and circumstances of obtaining the plumbing permit are central to this dispute.

13. In November 2024, the undersigned received a copy of correspondence from City of Boulder, dated January 11, 2024, addressed to Afford-A-Rooter, Inc. ("Afford-A-Rooter"), indicating that Afford-A-Rooter pulled the permit for the Plumbing Work.

City of Boulder Planning & Development Services on-line records show that Afford-A-Rooter applied for and obtained the permit regarding the Plumbing Work.

14. According to the Colorado Secretary of State records, DS&W and Afford-A-Rooter are Colorado corporations that share the same principal office address, the same registered agent, and the same registered agent address. Upon information and belief, DS&W and Afford-A-Rooter have at least one common principal and owner. Upon information and belief, the two entities have utilized the same business phone number. Both DS&W and Afford-A-Rooter are engaged in the business of providing commercial plumbing services in Colorado.

15. Upon information and belief, DS&W and Afford-A-Rooter were, at relevant times, the alter ego of one another, and/or the agents of one another, acting within the scope and in furtherance of such alter ego or agency, with the authority, consent, and/or approval of the other, for the common purpose of providing plumbing services to the Project, including obtaining any and all necessary permit(s) for the plumbing work.

16. To wit, while DS&W provided a certificate of insurance, performed plumbing services at the Project, and submitted an invoice for the Plumbing Work, it was Afford-A-Rooter that ultimately applied for and obtained the necessary permit for the Plumbing Work, and received a letter of completion from the City of Boulder indicating the Plumbing Work passed final inspection.

17. As such, Roto-Rooter contends that DS&W and Afford-A-Rooter, as alter egos or agents of one another, are liable for each other's conduct, acts, omissions, breaches, and obligations, related to the Project.

18. For the above reasons, Roto-Rooter believes that Afford-A-Rooter, Inc., is a necessary party to this litigation and justice requires that it be added as a third-party defendant to this action.

### III. MOTION

**A. "Justice So Requires" Leave be Granted.**

The Federal Rules of Civil Procedure permit a party to amend its complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, and the decision of granting leave to amend is within the discretion of the trial court. Fed. R. Civ. P. 15(a); Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1584–85 (10th Cir. 1993) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)); Bellairs v. Coors Brewing Co., 907 F. Supp. 1448, 1459 (D. Colo. 1995).

The Tenth Circuit has adopted a liberal standard when determining whether leave to amend a pleading should be given. Calderon v. Kan. Dep't of Soc. & Rehab. Serv., 181 F.3d 1180, 1185–86 (10th Cir. 1999). "Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Warnick v. Cooley, 895 F.3d 746, 754-55 (10th Cir. 2018) (internal quotation marks omitted).

Justice will be served by granting leave to amend here. The proposed *Amended Third-Party Complaint* adds a necessary party and material allegations regarding the relationship of the two third-party defendants and the underlying factual history. (See Ex. 1).

**B. All Factors Favor Amendment.**

Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009); Hasan v. AIG Prop. Cas. Co., 935 F.3d 1092, 1101-02 (10th Cir. 2019). Maloney v. City of Pueblo, 323 F.R.D. 358, 360 (D. Colo. 2018). Allowing an amendment is within the trial court's discretion. Llacua v. W. Range Ass'n, 930 F.3d 1161, 1189 (10th Cir. 2019).

Undue prejudice is the most important factor in deciding a Rule 15 motion to amend. Minter v. Prime Equip. Co., 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.'" Id. at 1208 (internal quotations omitted). Here, no other party claims prejudice from an amendment, and in fact the other parties do not oppose this motion to amend.

Roto-Rooter has not acted in bad faith, favoring a grant of leave. There is no undue delay, as Roto-Rooter is timely filing this Motion pursuant to the Court's deadline.

This is Roto-Rooter's first request to amend. The proposed amendment is not futile because it adds a necessary party and material allegations regarding the relationship of the two third-party defendants and the underlying factual history. (Ex. 1).

**IV. CONCLUSION**

For the foregoing reasons, Third-Party Plaintiff Roto-Rooter Services Company respectfully requests that the Court grant the motion for leave to file an *Amended Third-Party Complaint*, attached as Exhibit 1 hereto.

6

Respectfully submitted this 24th day of January 2025.

                Hall & Evans, LLC.

                */s/ W. Andrew Figel*
                Heather Thomas, Esq.
                W. Andrew Figel, Esq.
                1001 17th Street, Suite 300
                Denver, CO 80202
                Phone: (303) 628-3300
                Fax: (303) 628-3368
                thomash@hallevans.com
                figelw@hallevans.com
                *Attorneys For Defendant and Third-Party Plaintiff*
                *Roto-Rooter Services Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January 2025, a true and correct copy of the foregoing was filed with the Court via CM/ECF and served on the below-listed party by email:

| | |
|---|---|
| Robert C. Podoll, Esq.<br>Christopher R. Corkadel, Esq.<br>Jacqueline E.M. Hill, Esq.<br>Podoll & Podoll, P.C.<br>5619 DTC Parkway, Suite 1100<br>Greenwood Village, CO 80111 | L. Kathleen Chaney, Esq.<br>Lambdin & Chaney, LLP<br>4949 South Syracuse Street, Suite 600<br>Denver, Colorado 80237<br>303 799-8889<br>kchaney@lclaw.net |

      *s/ Natali Isakharov*
      Natali Isakharov, Legal Assistant

8