IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-02622-TPO

GEORGE WILLIAMS LLLP
    Plaintiff

v.

ROTO-ROOTER SERVICES COMPANY
    Defendant/Third-Party Plaintiff

v.

DENVER SEWER AND WATER and AFFORD-A-ROOTER, INC.
    Third-Party Defendants

---

## DENVER SEWER AND WATER'S ANSWER TO AMENDED THIRD-PARTY COMPLAINT AND JURY DEMAND

---

Third-Party Defendant, Denver Sewer and Water [DSW] by and through its attorneys, Lambdin & Chaney, LLP, hereby answers the Amended Third-Party Complaint and demands a trial by jury as follows:

### PARTIES

1. Denied for lack of information or belief.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. DSW does not dispute personal jurisdiction. All remaining allegations are denied.

5. DSW does not dispute subject matter jurisdiction. All remaining allegations are denied.

6. DSW does not dispute venue. All remaining allegations are denied.

## THIRD-PARTY DEFENDANTS' IMPUTED, JOINT, VICARIOUS AND/OR ALTER EGO LIABILITY

7. Upon information and belief, admitted.

8. Paragraph 8 contains legal conclusions which do not require a response. To the extent any allegations remain or a response is required, the allegations contained in Paragraph 8 are denied.

9. Upon information and belief, admitted.

10. Paragraph 10 contains legal conclusions which do not require a response. To the extent any allegations remain or a response is required, the allegations contained in Paragraph 10 are denied.

## GENERAL ALLEGATIONS

11. Paragraph 11 does not contain any allegations against DSW which require a response. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

12. Paragraph 12 does not contain any allegations against DSW which require a response. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

13. Paragraph 13 does not contain any allegations against DSW which require a response. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

14. Paragraph 14 does not contain any allegations against DSW which require a response. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

15. Paragraph 15 does not contain any allegations against DSW which require a response. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

16. Admitted that DSW performed work at the referenced location. DSW denies that the MSA applies to this project. Any remaining allegations are denied.

17. DSW denies that the MSA applies to this project.

18. DSW denies that the MSA applies to this project.

19. Admitted that DSW performed work at the referenced location. DSW denies that the MSA applies to this project. Any remaining allegations are denied.

20. The referenced invoice speaks for itself. Any remaining allegations are denied.

21. The referenced invoice speaks for itself. Any remaining allegations are denied.

22. To the extent Paragraph 22 references public documents, the documents speak for themselves. Any remaining allegations are denied.

23. To the extent Paragraph 23 references public documents, the documents speak for themselves. Any remaining allegations are denied.

24. To the extent Paragraph 24 references public documents, the documents speak for themselves. Any remaining allegations are denied.

25. Paragraph 25 does not contain any allegations against DSW which require a response. The referenced Complaint speaks for itself. To the extent any allegations remain or a response is required, they are denied.

26. Paragraph 26 does not contain any allegations against DSW which require a response. The referenced Complaint speaks for itself. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

27. Paragraph 27 does not contain any allegations against DSW which require a response. The referenced Complaint speaks for itself. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

28. Paragraph 28 does not contain any allegations against DSW which require a response. The referenced Complaint speaks for itself. To the extent any allegations remain or a response is required, they are denied for lack of information or belief.

29. Paragraph 29 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

30. Paragraph 30 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

31. Paragraph 31 contains legal conclusions which do not require a response. DSW denies that the MSA applies to this Project. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

32. Paragraph 32 contains legal conclusions which do not require a response. DSW denies that the MSA applies to this Project. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

**First Claim for Relief**
**(Breach of Contract)**

33. DSW incorporates its previous responses as if fully set forth herein.

34. Denied that the MSA applies to this Project.

35. Denied that the MSA applies to this Project.

36. Denied that the MSA applies to this Project.

37. Paragraph 37 does not contain any allegations against DSW which require a response. To the extent a response is required, or any allegations remain, they are denied for lack of information or belief.

38. Admitted that DSW performed work at the referenced location. Any remaining allegations are denied.

39. The referenced Complaint speaks for itself. Any remaining allegations are denied.

40. Paragraph 40 contains legal conclusions which do not require a response. DSW denies that the MSA applies to this Project. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

41. Paragraph 41 contains legal conclusions which do not require a response. DSW denies that the MSA applies to this Project. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

42. Paragraph 42 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

43. Paragraph 43 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

44. Paragraph 44 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

## Second Claim for Relief
### (Contractual Indemnity)

45. DSW incorporates its previous responses as if fully set forth herein.

46. Denied that the MSA applies to this Project.

47. Denied that the MSA applies to this Project.

48. Denied that the MSA applies to this Project.

49. The referenced Complaint speaks for itself. Any remaining allegations are denied.

50. Paragraph 50 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. Denied that the MSA applies to this Project. DSW expressly denies liability.

51. Paragraph 51 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. Denied that the MSA applies to this Project. DSW expressly denies liability.

52. Paragraph 52 contains legal conclusions which do not require a response. Denied that the MSA applies to this Project. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

53. Paragraph 53 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

54. Paragraph 54 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

55. Paragraph 55 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

56. Paragraph 56 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

**Third Claim for Relief**
**(Contribution – DSW)**

57. DSW incorporates its previous responses as if fully set forth herein.

58. The referenced Complaint speaks for itself. Any remaining allegations are denied.

59. Paragraph 59 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

60. Paragraph 60 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

61. Paragraph 61 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

62. Paragraph 62 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

63. Paragraph 63 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

**Fourth Claim for Relief**
**(Contribution - Afford a Rooter)**

64. DSW incorporates its previous responses as if fully set forth herein.

65. The referenced Complaint speaks for itself. Any remaining allegations are denied.

66. Paragraph 66 does not contain any allegations against DSW which require a response. Paragraph 66 also contains legal conclusions which do not require a response. To the extent a response is required, or any allegations remain, they are denied.

67. Paragraph 67 does not contain any allegations against DSW which require a response. Paragraph 67 also contains legal conclusions which do not require a response. To the extent a response is required, or any allegations remain, they are denied.

68. Paragraph 68 does not contain any allegations against DSW which require a response. Paragraph 68 also contains legal conclusions which do not require a response. To the extent a response is required, or any allegations remain, they are denied.

69. Paragraph 69 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

70. Paragraph 70 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

### Fifth Claim for Relief
### (Negligence – DSW)

71. DSW incorporates its previous responses as if fully set forth herein.

72. Paragraph 72 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

73. Paragraph 73 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

74. Paragraph 74 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

75. Paragraph 75 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

76. Paragraph 76 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

### Sixth Claim for Relief
### (Negligence – Afford -A-Rooter)

77. DSW incorporates its previous responses as if fully set forth herein.

78. Paragraph 78 does not contain any allegations against DSW which require a response. Paragraph 78 also contains legal conclusions which do not require a response. To the extent a response is required, or any allegations remain, they are denied.

79. The referenced Complaint speaks for itself. Any remaining allegations are denied.

80. Paragraph 80 does not contain any allegations against DSW which require a response. Paragraph 80 also contains legal conclusions which do not require a response. To the extent a response is required, or any allegations remain, they are denied.

81. Paragraph 81 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

82.     Paragraph 82 contains legal conclusions which do not require a response. To the extent a response is required or any allegations remain, they are denied. DSW expressly denies liability.

## GENERAL DENIAL

All allegations in the Amended Third-Party Complaint not expressly admitted herein are expressly denied, including all prayers for relief set forth in the remedies sought by the Third-Party Plaintiff.

## AFFIRMATIVE DEFENSES

Without representing or conceding that any of the following constitute affirmative defenses within the meaning of F.R.C.P. 8(c) or that DSW would have the burden of proof or persuasion with respect to the same, DSW asserts that any or all of the following may preclude the Third-Party Plaintiff's claims, cause said claims to fail, and/or bar or reduce any recovery the Third-Party Plaintiff seeks, in whole or in part:

1.     Third-Party Plaintiff may have failed to assert claims upon which relief may be granted.

2.     Third-Party Plaintiff may have failed to mitigate all or some of its damages, if any, as required by law.

3.     The alleged injuries, costs, and/or damages sustained by Third-Party Plaintiff, if any, may have been the direct result of the contributory or comparative negligence of Third-Party Plaintiff or the comparative negligence of third parties and non-parties to be designated over whom DSW had no control or right of control, and as such, any recovery upon the claims asserted by Third-Party Plaintiff are barred or

proportionately reduced pursuant to C.R.S. § 13-21-111 (Comparative Negligence) and C.R.S. § 13-21-111.5 (Pro Rata Liability of Defendants).

4. Third-Party Plaintiff's claims may be barred by C.R.S. § 13-50.5-102 *et seq.*, as DSW cannot be liable for any portion of alleged damages caused or contributed to be caused by the actions of person(s) or entities other than DSW.

5. Third-Party Plaintiff's claims and damages, if any, may be barred or limited by the terms and conditions of the agreements concerning the Project between the parties and non-parties, or other applicable documents which purport to define the parties' rights, duties and obligations vis-à-vis each other, or other non-parties.

6. Third-Party Plaintiff's claim(s) may be reduced to the extent they have been, or will be, indemnified or compensated for its losses or damages from any collateral source pursuant to C.R.S. §13-21-111.6; and/or, DSW is entitled to a set-off or credit.

7. Third-Party Plaintiff's claims may be barred by the doctrines of waiver, accord, satisfaction, novation, consent, acceptance, release, laches, unclean hands and/or estoppel.

8. Third-Party Plaintiff's damages, if any, may be the result of conditions at the property that occurred prior to, or subsequent to, DSW's work at the property, caused by person(s) other than DSW over which DSW had no control.

9. DSW's conduct was neither a material element, substantial factor, nor a cause of any of Third-Party Plaintiff's alleged damages or the damages alleged by any other party or non-parties to this proceeding.

10. Third-Party Plaintiff's damages, if any, may be the result of intervening and/or supervening causes.

11. Third-Party Plaintiff's claims may be barred by provisions contained in written contracts or related documents associated with the Project.

12. DSW incorporates by reference all applicable defenses which are now, or will later be, asserted by the other Defendants now or subsequently named in this proceeding.

13. DSW reserves the right to plead additional affirmative defenses and other matters in avoidance that may become known through subsequent investigation and discovery.

WHEREFORE, Denver Sewer and Water requests judgment in its favor, dismissing Third-Party Plaintiff's claims with prejudice and on the merits, and that Denver Sewer and Water be awarded its costs, expenses, and attorneys' fees in defending against Third-Party Plaintiff's claim(s) to the fullest extent permitted by law and/or contract, and for such other relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND – TRIAL TO A JURY OF THE MAXIMUM NUMBER OF JURORS ALLOWED ON ALL CLAIMS SO TRIABLE.**

DATED this 14th day of February, 2025.

*/s/ Melissa D. Marks*
L. Kathleen Chaney, #29358
Melissa D. Marks, #47224
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600

13

Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  kchaney@lclaw.net
        mmarks@lclaw.net
*Attorneys for Third Party Defendant Denver Sewer and Water and Afford-A-Rooter, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2025, a true and correct copy of the foregoing **DENVER SEWER AND WATER'S ANSWER TO AMENDED THIRD-PARTY COMPLAINT AND JURY DEMAND** was filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Robert C. Podoll, Esq.<br>Christopher R. Corkadel, Esq.<br>Jacqueline E.M. Hill, Esq.<br>Podoll & Podoll, P.C.<br>5619 DTC Parkway, Suite 1100<br>Greenwood Village, CO 80111<br>Tel: (303) 861-4000<br>Fax: (303) 861-4004<br>Rob@Podoll.net; Chris@Podoll.net<br>Jacqui@podoll.net<br>*Attorneys for Plaintiff* | Heather Thomas, Esq.<br>W. Andrew Figel, Esq.<br>Hall & Evans, LLC<br>1001 17th Street, Suite 300<br>Denver, CO 80202<br>Phone: (303) 628-3300<br>Fax: (303) 628-3368<br>thomash@hallevans.com;<br>figelw@hallevans.com<br>*Attorneys For Defendant Roto Rooter* |

*Printed copy with original signature on file at the office of Lambdin & Chaney, LLP*

*/s/ Melissa D. Marks*
Melissa D. Marks

14